**THE SPARKS LAW FIRM, P.C.**
7503 FIRST STREET
SCOTTSDALE, ARIZONA 85251
TELEPHONE (480) 949-1339

Joe P. Sparks, Arizona State Bar No. 002383
joesparks@sparkslawaz.com
*Attorney for the San Carlos Apache Tribe*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| San Carlos Apache Tribe of Arizona, | |
| Plaintiff, | Case No. CIV-79-186 PHX-DLR |
| v. | **STATUS REPORT BY THE SAN CARLOS APACHE TRIBE** |
| State of Arizona, et al., | |
| Defendants. | |

Plaintiff, the San Carlos Apache Tribe ("Tribe"), files this status report regarding *In re the General Adjudication of All Rights to Use Water in the Gila River System and Source, W1-4*, ("Adjudication") pending in the Superior Court of Arizona in Maricopa County,[1] pursuant to the Order of this Court dated March 23, 2012. The Tribe's last status report was filed with the Court on August 31, 2020.[2]

---

[1]The most recent orders of the Adjudication Court are posted on the Superior Court of Maricopa County's website for the Arizona General Stream Adjudication. For the text of orders and additional information on the status of the Gila River Adjudication, including the Arizona General Stream Adjudication Bulletin, which is published three times per year, please refer to:
http://www.superiorcourt.maricopa.gov/superiorcourt/generalstreamadjudication.

[2]In order to give background information related to recent developments in the Adjudication, this Status Report will at times repeat information which has already been

1   This action and a separate second action, *Tonto Apache Tribe v. State of Arizona*,

2   Case No. CIV 79-187 PHX (DLR), are before this Court pursuant to remand from the

3   Ninth Circuit Court of Appeals following the decision of the United States Supreme Court

4   in *Arizona v. San Carlos Apache Tribe*, 463 U.S. 545 (1983).[3]

5   By order dated October 17, 2012, the Supreme Court of Arizona assigned the

6   Honorable Mark H. Brain to preside as the judge over the Adjudication and *In re the*

7   *General Adjudication of All Rights to Use Water in the Little Colorado River System and*

8   *Source,* pending in the Superior Court of Arizona in Apache County (collectively, the

9   "Adjudications"). Judge Brain continues to preside as the judge over the Adjudications.

10   Following the retirement of Special Master George A. Schade, Jr. on March 5, 2015,

11   Susan Ward Harris was appointed as the Special Master of the Adjudications on July 20,

12   2015.

### I.   Updated Information on Issues Currently Pending in the Adjudication

13   The Adjudication generally proceeds by assigning an issue a "contested case"

14   number and then addressing that issue within the contested case. As discussed in the

15   Tribe's previously filed status reports, there are currently many contested cases pending in

16   the Adjudication at various stages. None of these cases involve the adjudication of rights

17   for the San Carlos Apache Tribe. This status report describes the activity which has

18   occurred in the Adjudication since the Tribe's August 31, 2020, status report, and includes

19   background information for the contested cases in which there has been activity during

20   this time.

### A.   Contested Case W1-11-605 "In Re Fort Huachuca"

21   In the second phase of this contested case, the Adjudication Court is considering the

22   following issues:

---

25   provided to the Court in previous status reports.

26   [3]In *Northern Cheyenne Tribe v. Adsit*, 721 F.2d 1187, 1188-89 (9th Cir. 1983), the Ninth Circuit ruled that barring a "significant change of circumstance", this proceeding should remain stayed "until the state court proceedings have been concluded."

28                                    2

1.     What is in detail the scope of water uses encompassed by the term "military purposes?"

2.     What is the quantity of water reserved to fulfill the military purposes?

3.     Are the sources of water other than groundwater adequate to accomplish the military purposes, and if not, what is the quantity of groundwater required to accomplish those purposes?

In preparation for trial, the court and representatives of several parties made a site visit to Fort Huachuca on March 3, 2016. Various discovery disputes were resolved in March 2016, and discovery closed on April 15, 2016. Dispositive motions were filed by June 1, 2016, and briefing on these motions followed in July and August, with oral argument on the dispositive motions held on August 11, 2016. On September 1, 2016, the Court entered an Order Granting in Part and Denying in Part Motions for Summary Judgment and for Partial Summary Judgment, specifically:

1.     Denying the United States' Motion for Summary Judgment based on Exclusive Jurisdiction.

2.     Granting the United States' Motion for Partial Summary Judgment that the quantification of the amount of the federal reserved water right is not limited to the estimate of water usage of 1,300 acre feet per annum made by the Department of the Army in its consultation with the Fish and Wildlife Service.

3.     Granting the United States' Motion for Partial Summary Judgment that the Endangered Species Act does not substantively limit the quantification of the amount of the federal reserved water right.

4.     Granting the United States' Motion for Partial Summary Judgment that the quantification of the federal reserve water right to satisfy the military purposes of Fort Huachuca is not reduced by its ability to obtain water by condemnation, purchase or under state law.

5.     Denying the United States' Motion for Partial Summary Judgment on the remaining issues concerning groundwater because material issues of fact are in dispute.

1

2
      6.      Denying Liberty Utilities (Bella Vista Water) Corp.'s and Freeport Minerals Corporation's Motions for Partial Summary Judgment regarding reserved water rights for water uses occurring outside of the Fort Huachuca's boundaries on the grounds that the issue became moot.

3

4

5
      7.      Denying Freeport Minerals Corporation's and the State of Arizona's Motions for Partial Summary Judgment seeking to exclude Fort Huachuca's future use in the quantification of federal reserved water rights.

6

7
      8.      Granting the State of Arizona's motion to consider the availability of effluent and other surface water (in appropriate circumstances) in determining the minimum need.

8

9
      9.      Denying the remainder of the partial motions for summary judgment for the reasons set forth [in the court's order].

10

11
Order dated September 1, 2016, at 11-12.

12
     A three-week trial was held between October 3, 2016, and October 20, 2016. At the

13
conclusion of the three weeks, additional trial days were needed. An additional six days of

14

15
trial were held between February 6, 2017 and February 14, 2017. The parties filed post-

16
hearing briefs and proposed findings of fact and conclusions of law by July 14, 2017. The

17
Adjudication Court has not yet issued a decision in this case.

18
    **B.**    **Contested Case W1-11-232 "San Pedro Riparian National Conservation**

19
         **Area"**

20
     In his Order dated May 29, 2013, Special Master Schade designated the following

21

22
three principal issues for resolution in this contested case:

23
    1.     Determination of the boundaries of the San Pedro Riparian National Conservation Area ("SPRNCA");

24

25
    2.     Quantification of the federal reserved water rights claims; and

26
    3.     Interaction of Certificate of Water Right No. 90103.0000 with the federal reserved water rights claims for SPRNCA.

27

28

1    In his May 29, 2013, Order, Special Master Schade also designated the following

2    two issues for briefing:

3

4    1.    Is the quantity of water needed to fulfill the purposes of the SPRNCA subject
          to the standard of minimal need?

5

6    2.    Is it required to determine the quantity of unappropriated water available for
          use on the conservation area as of November 18, 1988, and second, as of the

7          dates that after acquired lands were incorporated within the SPRNCA?

8    Order at 6. On October 17, 2013, the Special Master decided these two issues in his Order

9    Determining the Issues Designated for Briefing in the Order Dated May 29, 2013. The

10   Special Master determined:

11   1.    The quantity of water needed to fulfill the purposes of the conservation
          area is not subject to the standard of minimal need. The applicable

12         standard is sufficient water to fulfill the purposes.

13   2.    It is necessary to determine the quantity of unappropriated water
          available for use as of the dates of reservation, but it is not required to

14         do so prior to quantifying the reserved water right.

15   Order dated October 17, 2013, at 10.

16    In October 2017, the parties filed a joint pretrial statement and exhibits for a six-

17   week trial which was scheduled to begin in November 2017. On November 6, 2017, the

18   Adjudication Court vacated the 2017 trial dates based on issues related to discovery and

19   expert witnesses and reset the trial to begin in April 2018. Due to further complications

20   related to the availability of an expert witness, in February 2018, the Adjudication Court

21

22   vacated the spring 2018 trial dates as well. See Minute Entry filed February 12, 2018, at 2.

23   The trial was held over the course of six weeks, from January 28, 2019 to March 14, 2019,

24

25   and resumed with additional trial dates on April 29 and 30, 2019, and May 14 and 16,

26   2019. Closing briefs and proposed findings were filed by August 30, 2019, and responses

27

28

to these were filed by September 27, 2019. The matter has been taken under advisement, but the Adjudication Court has not yet issued a decision in this case.

**C.    Contested Case No. W1-11-2664 "In Re Redfield Canyon Wilderness Area"**

In his July 9, 2014, Order Determining the Initial Issues, Initiating the Second Phase, and Requesting a Status Report on Land Ownership, Special Master Schade determined the seven original issues designated in this Contested Case, without hearing oral argument. The Special Master determined, among other things, that "the purposes of the Redfield Canyon Wilderness Area are to protect the wilderness area, preserve its wilderness character, and gather and disseminate information regarding its use and enjoyment as wilderness", Order at 9, and that the priority date of the express federal reserved water right is November 28, 1990. *Id.* at 10.

In addition, the Special Master designated the following two issues for the second phase of the case:

1.    How much, if any, unappropriated water was available on November 28, 1990?

2.    If unappropriated water was available on November 28, 1990, what is the quantity of water sufficient to fulfill the purposes of the Redfield Canyon Wilderness Area?

*Id.* at 12. Disclosure statements related to these newly designated issues were filed in March 2015, and a conference was held on March 19, 2015.

The United States filed a status report on March 11, 2015, which explained that the Arizona State Land Department ("ASLD") and the United States disagreed about whether the express reserved water right for the Redfield Canyon Wilderness Area would apply to

6

parcels of land currently owned by the State of Arizona, and later acquired by the United States. Status Report at 2. In its Minute Entry dated March 30, 2015, "the Court determined that the quantification questions presented were limited to the needs of the 6,600 or so acres actually owned by the United States." Minute Entry at 2.

On September 21, 2015, Freeport Minerals Corporation filed a Motion for Partial Summary Judgment, arguing that the United States "is not entitled to reserved water rights for any spring, well, or tank in the Redfield Canyon Wilderness Area ("RCWA") as a matter of law." Motion at 1. Oral argument on the Motion was held on January 7, 2016. In its Order Granting Motion for Partial Summary Judgment in Part and Denying in Part, dated March 2, 2017, the Court ruled on Freeport's Motion, dismissing the United States' claims for federal reserved water rights for certain contested flows which were located on non-federal land within the RWCA, associated with constructed impoundments and reservoirs, or unsupported by information provided by the United States related to the quantification of flows.

At oral argument on March 2, 2017, the Court denied the United States' Motion for Summary Judgment, but granted the United States' Motion in Limine, excluding from trial any testimony as to the potential impact that granting a water right to the United States could have on neighboring landowners. The Court also granted the Arizona State Land Department's Motion in Limine, limiting the expert evidence the United States intended to present at trial based on the timeliness with which the United States disclosed such evidence.

7

On April 28, 2017, the Adjudication Court heard oral argument on SRP's Motion in Limine to Exclude Evidence or Argument regarding de Minimis Water Sources within the Redfield Canyon Wilderness Area, SRP's Motion for Reconsideration of the Court's March 2, 2017 Order and the United States' Motion to Vacate Trial and Stay Case. The Adjudication Court denied the United States' Motion to Vacate and affirmed dates for a two-week trial. The Adjudication Court also denied both of SRP's motions.

Trial on this matter was held on May 16, 2017 and completed in one day. Post-trial briefing was filed by May 14, 2018. On May 29, 2018, Freeport Minerals Corporation filed a Motion to Strike the United States', SRP's, and the San Carlos Apache Tribe's briefing concerning applying *de minimis* adjudication procedures to the spring claims, arguments supporting stream claims, and arguments relying on evidence not admitted at trial. Responses have been filed. The Court has not yet ruled on the Motion to Strike and has not yet issued a decision in this case.

**D.      Contested Case No. W1-103 "In Re Subflow Technical Report, San Pedro River Watershed"**

**1.      Subflow Zone Delineation Report and Maps**

On January 15, 2013, the Adjudication Court ordered ADWR to revise its Subflow Zone Delineation Report for the San Pedro River Watershed. On April 1, 2014, ADWR filed its revised report, which delineates the extent of the subflow zone of the watershed and describes how setbacks were used in such delineation. Objections to the revised report were filed by multiple parties in October 2014, and a hearing on the objections was held on November 6, 2014. In February 2015, ADWR filed a supplemental subflow delineation

report, which was reissued in May 2015 with corrections. Certain parties supplemented their objections to ADWR's report in April 2015, based on ADWR's supplemental report. An evidentiary hearing was held from August 31, 2015 to September 3, 2015, at which time testimony was taken with regard to the subflow technical reports. On July 13, 2017, the Court entered its Findings of Fact and Conclusions of Law with regard to the 2015 hearing, overruling the parties' objections to the Revised Subflow Zone Delineation Report and the subflow zone boundary maps, and approving the revised Subflow Zone Delineation Maps for the San Pedro River Watershed, as ADWR reissued them in May 2015.

## 2.      Cone of Depression Testing

On April 23, 2015, ADWR filed its Initial Progress Report Concerning Implementation of Cone of Depression Tests. Parties had until November 6, 2015 to file comments regarding this Initial Progress Report. On January 28, 2016, ADWR filed a second progress report, and on April 4, 2016, it filed its third progress report which addressed "(1) the reliability and quality of data available for cone of depression testing, (2) the suitability of certain models for cone of depression testing, (3) the delineation of the subflow zone for mountain front streams, and (4) the development of abstracts for proposed water rights for *de minimis* uses." Third Progress Report at 1. ADWR filed an additional progress report on July 11, 2016, which explained that ADWR has been working on a demonstration project which would allow certain cone of depression tests to be evaluated in application instead of in the abstract. Report dated July 11, 2016, at 2.

1    In anticipation of the issuance of a cone of depression test by ADWR, on

2  December 8, 2016, the Adjudication Court referred consideration of the cone of

3  depression test to the Special Master, directing that "[a]fter setting deadlines for filing

4  objections, conducting status conferences to establish an orderly process and holding such

5  evidentiary hearing as she deems necessary, the Special Master shall prepare a report to

6  the Court setting forth recommendations as to whether the Cone of Depression Test

7  should be adopted in whole or in part . . . ." Order of Referral dated December 8, 2016, at

8  2.

9

10

11   On January 27, 2017, ADWR filed a report which provided the results of the

12  demonstration project. According to ADWR, "[t]he Demonstration Project Report

13  presents methodologies for (1) implementing court-ordered procedures for the summary

14  adjudication of *de minimis* uses, and (2) deploying cone of depression tests." ADWR's

15  Notice of Filing Demonstration Project Report Concerning *De Minimis* Uses and Cone of

16  Depression Tests at 2. Objections to and comments on ADWR's Report were filed by

17  March 6, 2017, and a conference was held on March 15, 2017, regarding the cone of

18  depression test methodology and scheduling in this contested case.

19

20   On April 6, 2017, the Special Master filed a Case Management Order which set

21  deadlines and a trial date related to the consideration of the cone of depression test

22  methodology proposed by ADWR. In the Case Management Order the Special Master

23  ordered that: "The Cone of Depression Test is intended to be used for the purpose of

24  identifying which wells located outside of the subflow zone will be included, under state

25  law, within the adjudication and subject to the court's jurisdiction. This determination

26

27

28

does not preclude the use of the same or similar methodologies or variations thereof to be incorporated into future tests to be used in the next phase of this process." Case Management Order at 3. A six-day trial on the cone of depression test methodology began on March 5, 2018. On May 11, 2018, the Special Master issued her Draft Report on the Arizona Department of Water Resources' Demonstration Project Report: Cone of Depression Test Methodology, which found that the MODFLOW test "is a highly reliable test to determine and measure the drawdown of a well's maximum cone of depression at the boundary of the subflow zone", and that its reliability is not outweighed by matters of cost and implementation time. May 11, 2018 Report at 26. Proposed corrections and objections to the draft report were filed by May 31, 2018, and oral argument on these proposals and objections was held on June 14, 2018. On November 14, 2018, the Special Master filed her Report of the Special Master on Methodology for Determination of Cone of Depression, recommending that the MODFLOW program be used to create the groundwater model for the Cone of Depression Test. Objections to this report were filed by May 13, 2019. Responses to objections were due by June 24, 2019. ADWR filed its own objections to the report on May 13, 2019. Freeport Minerals Corporation and ASLD filed Motions to Strike ADWR's objections. Pursuant to Judge Brain's order filed June 18, 2019, the Motions to Strike were denied and the objections were deemed to be technical analysis of the Special Master's report requested by the Adjudication Court.

///

///

///

11

### 3.    Subflow Depletion Testing

A third phase of this contested case will involve establishing a subflow depletion test which satisfies the requirements set out by the Arizona State Supreme Court in its opinion in *In re the General Adjudication of All Rights to Use Water in the Gila River System and Source* (9 P.3d 1069 (Ariz. 2000)) ("Gila IV"), and which ADWR can use to determine and establish that a particular well is pumping subflow and the percentage of discharge which is attributable to subflow. On December 6, 2018, ADWR filed its Initial Subflow Depletion Test Report. A status conference was held February 20, 2019.

The Parties submitted preliminary comments on ADWR's Initial Subflow Depletion Test Report by April 12, 2019. On May 3, 2019, ADWR submitted its response to those preliminary comments. A meeting between ADWR, the parties and the parties' experts was held on June 11, 2019 to discuss the Subflow Depletion Test. Following the meeting, ADWR filed a meeting report which set out the areas on which there is agreement and issues on about which the parties disagree. A status conference was held on July 24, 2019.

In a filing dated July 12, 2019, SRP proposed that it prepare a demonstration project for an alternate approach to the methodology for conducting the subflow depletion test. By Minute Entry filed August 5, 2019, the Special Master ordered SRP to prepare the demonstration project and distribute it to ADWR and the parties in this contested case by November 1, 2019. August 5, 2019 Minute Entry at 3. The Special Master further ordered ADWR to file a report by December 6, 2019 "identifying its position with respect to the Demonstration Project, a status report with respect to its progress on the development of

12

the subflow zone test and shall submit a proposed schedule for the continued development

of the subflow depletion test for the period December 6, 2019 through March 31, 2020."

*Id*. On November 1, 2019, SRP filed its Notice of Service of Subflow Depletion

Demonstration Project Report.

By Minute Entry filed August 5, 2019, the Special Master also ordered the parties

to file pleadings by October 25, 2019 on the following four issues:

1. Should depletion analysis include reduction in flow to the subflow zone
   as opposed to a depletion analysis based solely on reduction in flow
   from the subflow zone?
2. What is the legal definition of the vertical extent of the subflow zone?
3. What is the tune component to be used in subflow depletion analysis? If
   the proposed time component will not determine the subflow depletion
   that has occurred or is occurring at the time of the test, what is the
   projection period and what is the purpose of determining future depletion
   that is not otherwise accomplished by the application of the cone of
   depression test?
4. For purposes of modelling subflow depletion to determine whether a
   well is depleting the subflow zone, should the amount of water pumped
   equal the amount actually pumped or should it equal the amount
   reported, if any, in a watershed file report or well report prepared by
   ADWR?

*Id*. at 4. Responses were filed by November 13, 2019 and replies were filed by

November 25, 2019. Oral argument on these issues was held on December 11,

2019. A status conference was held concurrent with the oral argument. In her

Minute Entry filed February 19, 2020, the Special Master discussed at length the

four issues which had been briefed and argued, concluding that:

   (1) "The depletion analysis should be based solely on reduction in flow from the

subflow zone." Minute Entry filed February 19, 2020 at 11.

(2) "the better approach is not to decide [the second] issue as a matter of law but to set [the second] issue for an evidentiary hearing." *Id*. at 12.

(3) "based on the record at this time, the appropriate time component to be used in subflow depletion analysis is past and present pumping." *Id*. at 13 (noting that this conclusion may be subject to reevaluation).

(4) "for purposes of modeling subflow depletion to determine whether a well is depleting the subflow zone, the amount of water pumped should equal the amount that ADWR determines, using its technical expertise, is the actual past and present pumping volume from the well." *Id*. at 14.

A meeting was held among ADWR, the parties' experts and counsel for the parties on June 23, 2020 to discuss the progress on the subflow depletion model. The Special Master entered a Case Management Order on July 22, 2020 which set an evidentiary hearing on the issue of the vertical extent of the subflow zone for February 22, 2021. A telephonic pretrial conference was held on September 10, 2020, and expert reports were filed by October 16, 2020. An evidentiary hearing was held on February 22 and 23, 2021. Post-trial briefing will be due on June 30, 2021.

**E.**     **Contested Case No. W1-11-2665 "In Re Redfield Canyon State Claims"**

By the Special Master's order dated April 20, 2017, Contested Cases W1-11-2587, W1-11-2664, W1-11-2679, W1-11-2660, W1-11-2665, W1-11-2663, and W1-11-2666 were consolidated under Contested Case No. W1-11-2665 to address the water rights claims for Redfield Canyon which are based on state law. By Order dated May 25, 2017,

1    the Special Master removed Contested Cases W1-11-2666 and W1-11-2679 from

2    Consolidated Case No. W1-11-2665 due to the amendment of A.R.S. § 45-257, which

3    directs that "Small Water Use Claims" be adjudicated after all other claims in the

4    subwatershed are adjudicated.

5

6          In an order filed June 8, 2017, the Special Master explained the method for

7    quantifying water use for wildlife watering and directed any parties who object to this

8    method of quantification to file a motion by July 21, 2017. No such motions were filed.

9    The June 8, 2017 Order also directed the United States to file a report identifying the legal

10

11   basis for four of its claims, if it wants these claims to receive further consideration. The

12   Special Master also directed the United States to file a report identifying the ownership

13   and any current lessees of land described in 18 of the statements of claimant at issue in

14   this contested case. The United States was also directed to file a report identifying any

15   proposed changes to the water right characteristics shown in an attachment to the Special

16

17   Master's June 8, 2017 Order, identifying any additional statements of claimant filed by

18   the United States for water rights based on state law in the Redfield Canyon Wilderness

19   Area, and giving the status of the United States' application for instream flow rights in

20

21   Redfield Canyon. Each of these reports was due for filing by December 15, 2017. In her

22   Order Granting Extension of Time and Setting a Status Conference, dated December 28,

23   2017, the Special Master extended the time for the United States to file its report to

24

25   January 16, 2018, and set a status conference for February 8, 2018, to consider the

26   information provided by the United States.

27

28

On January 16, 2018, the United States filed its Response to June 8, 2017 Order, providing the information requested by the Special Master, and identifying additional claims for water in Redfield Canyon through statements of claimant analyzed in WFR 113-13-007. By order dated February 8, 2018, the Special Master initiated Contested Case No. W1-11-2740 for those claims, and immediately consolidated Case No. W1-11-2740 with Case No. W1-11-2665.

On April 5, 2018, the United States and the Nature Conservancy filed a joint report which indicated that water rights to be adjudicated in association with certain statements of claimant which the Nature Conservancy had filed for uses on land owned by the BLM should be issued in the name of the United States. Assignment documents for the statements of claimant were filed accordingly.

At a scheduling conference held on June 6, 2018, eight statements of claimant were dismissed. Six watershed file reports now remain at issue in this contested case, all of which involve stock watering and stockpond claims. Proposed abstracts of water rights for *de minimis* stockpond and stock watering uses were attached to the Special Master's Order for ADWR Review of Abstracts for *De Minimis* Water Rights, filed on July 5, 2018. ADWR reviewed the 36 proposed abstracts and filed its report regarding its review on August 31, 2018.

In a Minute Entry filed June 19, 2018, the Special Master set a litigation schedule for this contested case. The United States filed a Motion for Summary Judgment on September 12, 2018, for a declaration that the United States is entitled to water rights for instream flows based on three instream flow claims numbers, its statements of claimant

1  and certificates of water rights. The United States' motion was granted by the Special

2  Master in an Order dated October 31, 2018.

3      On February 15, 2019, 36 proposed water rights abstracts for *de minimis* stockpond

4  and stock watering uses were approved. These abstracts will be added to the partial

5  catalog of water rights. On June 7, 2019, the Special Master issued two proposed abstracts

6

7  for rights for stockponds associated with WFR 113-13-007. The parties had until August

8  6, 2019 to file any proposed corrections to these abstracts. By order dated June 10, 2019,

9  the Special Master issued additional proposed abstracts for the *de minimis* rights analyzed

10

11  under WFR 113-12-009. The parties had until August 9, 2019 to suggest any corrections

12  to these proposed abstracts.

13      By order dated March 11, 2019, the Special Master vacated dates previously set for

14  discovery and trial, noting that the remaining claims would not require discovery or trial.

15

16  Among other things, the Special Master also directed the United States and the Nature

17  Conservancy to jointly file a report on the ownership of the water rights associated with

18  Statements of Claimant 39-5548, 39-5551, 39-5552, 39-5584, and 39-5597 by April 19,

19

20  2019. The joint report as filed on April 19, 2019, indicating that the Nature Conservancy

21  would be assigning the statements of claimant to the United States.

22      The Special Master also ordered the United States to "provide a list of any

23

24  remaining claims for water rights analyzed by Watershed File Reports 113-09-016, 113-

25  12-005, 113-12-008, and 113-13-007 that it seeks but are not currently included in an

26  approved proposed abstract." Order filed March 11, 2019 at 4. The United States filed a

27  response on April 19, 2019, listing several claims which had not yet been included in an

28

approved proposed abstract. The United States requested additional time to investigate ADWR's determination of nonuse for WFR Nos. 113-09-016 and 113-12-005 and decide how to proceed. On June 26, 2019, the Special Master granted an extension of time until August 6, 2019 for the United States to complete its investigation. The United States filed its Supplemental Response on August 6, 2019, stating that the United States would pursue rights claimed in statements of claimant 39-5583, 39-5585, 39-8086, and 39-8434, and withdraw Statements of Claimant 39-11586 and 39-11589.

In its August 9, 2019 Order Granting Motion to Set procedure to Meet with ADWR and ASLD and Order Dismissing Statements of Claimant, the Special Master dismissed Statements of Claimant 39-11586 and 39-11589, and ordered the United States to "submit to ADWR and all Objectors copies of proposed abstracts and proof of beneficial use related to Statements of Claimant 39-5583, 39-5585, and 39-8086, by September 3, 2019." August 9, 2019 Order at 2. The Special Master ordered ADWR to file a report of its comments on the proposed abstracts and related information by October 4, 2019, and directed the United States to meet with counsel for ASLD regarding the status of the point of diversion for Statement of Claimant 39-8434 and file a report by September 3, 2019. *Id.* ASLD filed its statement of position on August 30, 2019, stating its position that the U.S. Forest Service should withdraw its stockpond claim related to the watershed file report at issue in this contested case. On September 5, 2019, counsel for the United States filed notice that the U.S. Forest Services wished to withdraw its claim for the stockpond at issue. The relevant statement of claimant was dismissed by order dated September 11, 2019.

1    Counsel for the United States produced proposed abstracts and supporting

2   documentation on September 10, 2019. ADWR reviewed this information and filed a

3   report on October 4, 2019. A status conference was held on November 13, 2019, at which

4   time the primary topic addressed was whether the United States must file an amended

5   statement of claim. The United States was ordered to file stipulated abstracts, an amended

6   statement of claimant, and an amended claim of water right for a stockpond. A Stipulation

7   to Resolve Objections was filed December 2, 2019. On December 9, 2019, the Special

8   Master filed an Order Approving Proposed Water Rights Abstracts. On March 10, 2020,

9
10   the United States filed a Status Report giving notice that an amended statement of

11   claimant and an assignment of claim of water right had been submitted to ADWR.

12
13    On November 2, 2020, parties filed a motion asking, in part, for the initiation of a

14   contested case to address the claims and objections related to WFR 113-12-010. On

15   November 23, 2020, the Special Master filed an Order regarding Additional *De Minimis*

16   Claims stating that WFR 113-12-010 falls under Contested Case W1-11-2665, and that

17
18   proceedings in this case would be resumed to adjudicate the claims related to WFR 113-

19   12-010. The Special Master attached to her order proposed abstracts for the potential

20   water rights listed in WFR 113-12-010. On February 1, 2021, ADWR filed its report on

21   the draft abstracts and maps for the potential water rights identified. On February 19,

22
23   2021, ASLD and its lessee, C-Spear LLC, filed a Joint Report Regarding Ownership of

24   Potential Water Rights. The Special Master has not yet issued revised proposed abstracts

25   or asked for suggested corrections to the abstracts.

26
27
28

**F.**     <u>Contested Case No. W1-11-1675 "In re St. David Irrigation District"</u>

This contested case was initiated in 1995 to resolve objections to potential water rights for water diverted and distributed by the St. David Irrigation District. After more than two decades of inaction, a scheduling conference was held on February 15, 2018, to address current uses of water for irrigation, and to set a schedule for the case moving forward. By Minute Entry filed March 1, 2018, the St. David Irrigation District was ordered to file a list of all claimants who will assert claims for irrigation use through the district in this case by August 17, 2018. St. David Irrigation District filed its List of Landowners on August 17, 2018. By Orders dated October 8, 2018, Contested Cases W1-11-1759, W1-11-1905 and W1-11-1989 were consolidated with Case No. W1-11-1675.

On October 19, 2018, the San Carlos Apache Tribe and the Tonto Apache Tribe filed their Request for the Inclusion of Additional Information in the Amended Statements of Claimant, requesting that amended statements of claimant be required to include certain specific information, including information regarding the chain of title for the land to which the claimed water rights are appurtenant. On November 9, 2018, the St. David Irrigation District filed its response. On November 15, 2018, oral argument was held on objections to the existing form of statement of claimant and/or request for the inclusion of additional information in the amended statements of claimant. The Special Master chose to view the Tribes' request as an informal discovery request.

In April 2019, the Special Master initiated several contested cases and consolidated them with this contested case. The St. David Irrigation District filed an amended statement of claimant on April 19, 2019, which included a map of the exterior boundaries

20

of the St. David Irrigation District. A status conference was held on May 9, 2019 to discuss case management issues and consolidation of cases, in light of recent expansion of the St. David Irrigation District. On July 15, 2019, ADWR filed a map showing the boundaries of the land included in each WFR included wholly or partially within the irrigation district.

The St. David Irrigation District filed a proposed litigation schedule on June 27, 2019. Initial disclosure statements were filed by July 31, 2019. A status conference was held on August 15, 2019 to address: "1) Identification of parties to be included in the case; 2) St. David Irrigation District's proposed procedure to try its claims for water rights; and 3) Proposed schedule for discovery, motions, and trial." Minute Entry filed August 21, 2019 at 1. At the status conference the St. David Irrigation District was ordered to "file a report by September 13, 2019 identifying any contested cases not yet consolidated with this case that should be initiated and consolidated." *Id*. at 2. The Court also stated at the status conference that it will send a notice to the parties on the court- approved mailing list giving them the option to be removed from the list. The Special Master also adopted the Irrigation District's proposed procedure, limiting the first phase of the trial to the three issues identified by the District in its proposed litigation schedule. The Special Master's August 21, 2019 Minute Entry sets out a discovery and trial schedule, with trial scheduled to begin January 19, 2021. *Id*. at 4-5.

On September 13, 2019, the St. David Irrigation District filed its Report on Contested Cases and Claimants, identifying claimants for four WFRs who have agreed to have the District represent their interests in this matter. In its report the District also stated

1   that it lacked the resources to evaluate the remaining 42 WFRs which may be

2   appropriately joined with this case and suggested that this evaluation wait until a later

3   phase of the case. A status conference was held on October 23, 2019, at which the

4   District's position was discussed.

5

6          The St. David Irrigation District filed a status report on January 13, 2020

7   representing its "determination whether it will represent the interests of the water users

8   encompassed in the 42 WFR's set forth in the Order dated October 11, 2019." Status

9   Report at 2. At the time of the status report there were five WFRs which required

10  additional investigation and five WFRs which included land which the owners would like

11  the District to incorporate. By Order filed January 21, 2020, the Special Master directed

12  the St. David Irrigation District to file a status report by May 12, 2020 and scheduled a

13  status conference for May 19, 2020, to be held concurrently with the pretrial conference in

14

15  this contested case.

16

17         On January 31, 2020, SRP filed its Motion for Partial Summary Judgment

18  regarding Forfeiture of Pre-1919 Rights, asking the Special Master to find that, "although

19  they can be lost by nonuse through common-law abandonment, appropriative rights that

20  are vested prior to June 12, 1919 ('pre-1919 rights') are not subject to statutory

21

22  forfeiture." Motion at ii. Responses were filed by May 20, 2020 and replies were filed by

23  June 8, 2020. Oral argument on SRP's Motion was held telephonically on June 15, 2020.

24  In a minute entry filed September 10, 2020, the Special Master denied SRP's Motion for

25

26  Partial Summary Judgment, "because the Arizona Supreme Court has determined that

27  rights to appropriable water vesting prior to June 12, 1919 are subject to forfeiture if after

28

1  June 12, 1919 the owner of the right to use water fails or ceases to use the water for five

2  successive years." Minute Entry at 14.

3       On July 10, 2020, the parties filed their Stipulation Regarding Quantification of

4  Water Rights for Irrigation Uses and Request for Status Conference, in which the parties

5
6  detailed areas of agreement with regard to quantification methodologies, and unresolved

7  issues. On September 14, 2020, the parties filed their Stipulation Regarding Irrigation

8  Water Duty, in which the parties agreed to a set water duty in order to resolve the issue of

9
10  irrigation quantification in this contested case.

11       A pretrial conference was held on October 16, 2020. In the minute entry filed

12  October 21, 2020, the Special Master vacated the deadline for dispositive motions and the

13  date set for trial. Another pretrial conference was held on December 4, 2020, in which

14
15  counsel for the St. David Irrigation District proposed that a specific case be attached to the

16  issue of forfeiture of pre-1919 rights before the case proceeds to Judge Brain. By minute

17  entry filed December 18, 2020, the Special Master ordered counsel for the St. David

18
19  Irrigation District to file an initial disclosure statement related to a specific claim for pre-

20  1919 rights. On January 14, 2021, a Rule 26.1 Disclosure Statement was filed by Terisha

21  Driggs, a member of the St. David Irrigation District. The Gila River Indian Community

22  filed an Objection to Rule 26.1 Initial Disclosure Statement on February 11, 2021. On

23
24  February 12, 2021, the St. David Irrigation District filed a status report and request for an

25  extension of time until March 15, 2021 in which to file a stipulation regarding points of

26  diversion. The Special Master granted the extension of time for filing the stipulation on

27  the same day. A telephonic status conference was held on February 19, 2021.

28

1

**G.**    **Contested Case No. W1-11-2428 "In re Magma Copper - Mining"**
        **Contested Case No. W1-11-2503 "In re Magma Copper - Irrigation"**

2

3        On July 12, 2018 and July 13, 2018, the Special Master initiated three contested

4    cases to address objections to watershed file reports related to statements of claimant filed

5    by Magma Copper Company and Hampton & Hicks. One of these cases, *In re Magma*

6    *Copper – De Minimis*, has already been resolved.

7

8        An initial scheduling conference was held on August 23, 2018. On January 31,

9    2019, BHP Copper Inc. (formerly known as Magma Copper Company) filed amended

10   statements of claimant with ADWR. At a status conference held February 8, 2019, the

11   Special Master directed ADWR to file a report on the location of the wells included in the

12   amended statements of claimant by March 8, 2019. Minute Entry filed February 14, 2019,

13

14   at 2. A status conference was held on March 22, 2019.

15       1.    *In re Magma Copper – Mining*

16

17       In its report, ADWR found that five of the nine wells at issue in this contested case

18   are located outside the subflow zone and four are located within the subflow zone. At the

19   March 22, 2019 status conference, the Special Master ordered BHP and ADWR to

20   "jointly submit a report on the location of the wells relative to the lateral boundaries of the

21

22   subflow zone by March 31, 2020." Minute Entry filed March 26, 2019 at 3. ADWR and

23   BHP Copper filed their Joint Report on Locations of Wells on July 30, 2020.

24       The Special Master "further ordered that ADWR shall file an amended watershed

25   file report with respect to the amended statements of claimant filed by BHP by September

26

27

28
                                    24

25, 2020." *Id*. On September 18, 2020, ADWR filed Amended Watershed File Reports based on the amended Statements of Claimant filed by BHP Copper.

### 2. *In re Magma Copper – Irrigation*

This contested case involves irrigation wells which are not being used for irrigation at this time. At the March 22, 2019 status conference, the Special Master ordered ADWR to prepare an amended WFR for this contested case "with respect to the amended statements of claimant filed by BHP by September 25, 2020," and stated that "[a]t that time the Court will review the documents and make its decision as to whether the Irrigation case should continue on hold until the subflow depletion tests are finished." *Id.* at 4.

A status conference was held on December 18, 2020, in part to determine if the parties believe additional notice of the amended WFR might be required. The deadline for filing objections or amending existing objections to the Amended WFR is April 2, 2021. A telephonic status conference is set for May 7, 2021.

### H. Contested Case No. W1-11-2798 "In re Asarco-Diversion" Contested Case No. W1-11-2801 "In re Asarco-Irrigation"

On June 7, 2018, the Special Master initiated two contested cases to address objections to watershed files reports related to statements of claimant associated with ASARCO, Inc. An initial scheduling conference was held on July 11, 2018. The Special Master ordered ASARCO, Inc. to file amended statements of claimant by April 8, 2019, and then, pursuant to motion, extended that deadline to May 8, 2019. By Order dated December 21, 2018, the Special Master ordered ASARCO Inc. to file a report on its

preliminary objections to the potential water rights in this case by January 31, 2019.

ASARCO filed its Preliminary Objections to the Characterization of Potential Water

Rights on January 31, 2019. A status conference was held on February 8, 2019.

Another status conference was held May 21, 2019. Following the status conference, the

Special Master entered a Minute Entry stating:

> [ADWR]shall file a report by June 7, 2019, that includes a brief technical
> statement about the materiality of the changes to claimed water rights
> asserted by ASARCO in its amended Statements of Claimant filed in this
> case. The report shall also set forth ADWR's legal position regarding
> notice requirements applicable to a WFR amended due to material
> changes made in an amended Statement of Claimant and shall specifically
> address the applicability of the procedures adopted by Judge Ballinger for
> supplemental WFRs in his order dated February 10, 2004 in Contested
> Case No. W1-11-1174 to the revised WFRs proposed to be prepared in
> this case. The report shall include the approximate cost of providing the
> notice that ADWR determines is legally required.

Minute Entry filed May 23, 2019 at 2. ADWR filed its Report on June 6, 2019,

explaining that ADWR views the amendments to the statements of claimant as

material, and stating: "It is ADWR's position that ASARCO's amended SOCs

actually are new SOCs that should be investigated and reported in the San Pedro

II HSR, as ordered by Judge Brain on June 21, 2016 in the Gila River

Adjudication." ADWR's Report at 2. SRP and ASARCO LLC each filed a

response to ADWR's report on June 17, 2019. On October 8, 2019 the Special

Master entered her Order Setting Status Conference and Decision regarding

Additional Notice Requirements for ADWR Report on Amended SOCs,

determining that, "the conclusion that can be drawn from the application of the

second prong of the *Mathews* Court test is that the three WFRs at issue here, in

most instances, provided adequate notice of ASARCO's claims made in the

amended SOCs and, in those instances where they did not provide complete information about the claim, there is little, if any, probable value in distributing another notice." October 8, 2019 Order at 30.

On November 15, 2019 ASARCO filed a notice that it filed an amended statement of claimant for its Aravaipa Ranch property with ADWR on November 14, 2019.

On April 30, 2020 ASARCO LLC and CSAK Holdings LLC filed a joint motion in Contested Case No. W1-11-2839, moving to dismiss CSAK Holdings LLC as a party in that contested case, and moving to consolidate Contested Case No. W1-11-2839 with Contested Case No. W1-11-2801, *In re ASARCO - Irrigation*. The Special Master entered an order granting the motion on April 30, 2020.

On December 16, 2020, ADWR filed its amended Watershed File Reports based on ASARCO LLC's amended Statements of Claimant. Also on December 16, 2020, ASARCO LLC gave notice that on July 15, 2020, it filed amended statements of claimant for its PZ Ranch and Robinson Ranch properties with ADWR.

By Order filed December 31, 2020, the Special Master directed ADWR to file an amended Watershed File Report in Contested Case No. W1-11-2801 by March 19, 2021. Objections to ADWR's amended reports are due June 10, 2021. The Special Master also ordered ASARCO to file stipulated abstracts or a status report by August 11, 2021. If stipulated abstracts are not filed, a status conference will be held on August 18, 2021.

## I.    Contested Case No. W-11-0473 "In re City of Tombstone"

On February 12, 2019, the Special Master initiated this contested case to address objections to watershed file report 111-21-032, which identified potential water rights for municipal use. The City of Tombstone claims water from four wells, 25 springs in the Huachuca Mountains, and a diversion with a sump pump for emergency purposes. An initial status conference was held on March 20, 2019. A second status conference was held on July 17, 2019. By Minute Entry dated March 23, 2019 the Special Master stayed the issues related to Tombstone's wells and directed the parties to pursue settlement of the issues regarding water rights for which the springs are the source of water. The City of Tombstone filed a status report on October 15, 2019 indicating that counsel for the City of Tombstone met with representatives of ADWR on July 30, 2019 and that on September 13, 2019 counsel for ADWR informed counsel for Tombstone that ADWR's position is that Tombstone's claims should be reviewed as part of the San Pedro II HSR, which has not yet been started or scheduled for completion. Status Report dated October 15, 2019 at 1. The City of Tombstone disagrees with this position. *Id*. at 3.

A status conference was held on November 13, 2019, at which time the Special Master ordered the parties to file a status report in 60 days addressing: "1) the likelihood of a stipulation to or resolution of objections to the City of Tombstone claims; and 2) the parties' recommendations regarding an amended WFR based on the expected differences between the proposed abstracts and the WFR." Minute Entry filed November 25, 2019 at 3. Counsel for the City of Tombstone filed status reports and requests for additional time on January 13, 2020, April 30, 2020, and July 31, 2020,

28

which were granted. On October 2, 2020, counsel for City of Tombstone filed a request for a three-year stay in this case in order to collect data. At a status conference on October 9, 2020, the Special Master granted this request, staying the case for three years. Status reports are due on October 1, 2021 and October 3, 2022.

**J.      Contested Case No. W1-11-1898 "In re Eldon J. and Shirley Barney"**

A status conference was held in this matter on May 9, 2019 for the purpose of determining whether the objections in this matter could be resolved by settlement. The parties indicated that they are open to settlement discussions, and a meeting between ADWR, the claimant, and the objectors was held on August 13, 2019. ADWR filed its Meeting Report August 20, 2019, stating, among other things, that the objectors will be willing to work to resolve their objections once more details are known about the claims. The Meeting Report also acknowledged that it is unclear whether Statement of Claimant 39-18015 should be considered a new claim and the related uses be investigated as part of the San Pedro II HSR.

On October 29, 2019, the Special Master filed a Case Management Order directing ADWR to file a map calculating the acreage owned by the owners of various parcels within the boundaries of the watershed file report at issue in this contested case. The Special Master also ordered any landowner who wished to pursue a claim for a water right for land within the boundaries of the watershed file report to file a statement of claimant by December 2, 2019. A status conference was held on December 11, 2019, at which time the Special Master dismissed parties who did not appear and had not filed statements of claimant, certain parties notified the court that they would be joining the St. David Irrigation District contested case, and others would pursue their claims in this

contested case. ADWR was directed to organize a meeting among certain claimants who are part of the Barney family, objectors and ADWR by March 31, 2020. The meeting was scheduled for February 19, 2020, but subsequently cancelled by counsel for those claimants. A status conference was held on May 19, 2020 to address the claims of these claimants. At the conference, the Special Master ordered counsel for the claimants to file stipulated abstracts or a status report by August 17, 2020. On August 17, 2020, counsel for the claimants filed a status report indicating that a disagreement about the proposed water duty needed to be resolved before a stipulation could be entered. On August 24, 2020, the Special Master entered an order setting a telephonic status conference for October 9, 2020. The Special Master also ordered that parties pursuing their objections in this case must file their initial disclosure statements by October 23, 2020, and that the claimants must file their initial disclosure statement by October 30, 2020.

A status conference was held on January 31, 2020 with regard to the claims of one of the claimants, Karma Foods, LLC. At the conference, a date was set for trial on this matter, but the parties agreed to have an additional meeting to attempt to reach settlement. The meeting was held telephonically on June 9, 2020. At the meeting, claimant agreed to provide proposed abstracts to the objectors for their review by July 1, 2020. A telephonic status conference was held on August 28, 2020, during which counsel appeared for Karma Foods, LLC and informed the court that the individual who had been representing Karma Foods, LLC in this matter was not authorized to do so. Another status conference was held on October 9, 2020, at which counsel for the claimants moved to have the case consolidated with *In re St. David Irrigation District*,

W1-11-1675. At a status conference on October 30, 2020, the Special Master ordered this case to be consolidated with Contested Case No. W1-11-1675 upon receipt of notice that Karma Foods, LLC's property has been accepted within the boundaries of the St. David Irrigation District.

**K.**     **Contested Case No. Wl-11-2325 "In re Town of Mammoth"**

This contested case to adjudicate municipal water uses for the Town of Mammoth was initiated on June 18, 2019. At a status conference held on July 17, 2019, counsel for the Town of Mammoth expressed that the town has five wells, would like to determine whether the wells are in the subflow zone, and would like to meet with the other parties to discuss resolution of the issues in this case. The Special Master ordered the Town of Mammoth to "file a status report by October 15, 2019 addressing the Town's meeting with the parties, ownership of the land on which the municipal wells are located, and the status of the negotiations." Minute Entry 2 filed July 23, 2019 at 2.

Counsel for the Town of Mammoth filed a status report on October 9, 2019, stating that a meeting had occurred among the parties and that counsel for the Town of Mammoth believed a stipulated agreement would be reached. By Order dated October 14, 2019, the Special Master directed the parties to either file stipulated abstracts or a status report by December 5, 2019. Counsel for the Town of Mammoth filed a status report on November 26, 2019, stating that a discrepancy was discovered between the records of the Town and ADWR regarding which of Mammoth's wells are active, and that it would take additional time to provide proof of the Town's claimed priority date to the objectors in this case. The Special Master extended the deadline for stipulated abstracts or a status report to January 28, 2020. Counsel for the Town of Mammoth filed

a status report on January 24, 2020 informing the Special Master that the Town had reached agreement with certain objectors and believed the other objectors would agree as well. A status conference was held on February 4, 2020, at which counsel for certain objectors requested additional information from Mammoth or expressed concern about the quantity and priority date of the water rights claimed. Status reports were filed on February 21, 2020, March 26, 2020, and May 28, 2020. On July 22, 2020, the Special Master ordered either the Town of Mammoth to file stipulated abstracts for proposed water rights by September 4, 2020 or the parties to file initial disclosure statements by September 18, 2020. An agreement was not reached. Initial disclosures were made in September 2020. A telephonic scheduling conference was held on September 25, 2020, at which the Special Master set the close of discovery as March 15, 2021. Dispositive motions are due May 3, 2021. Trial is set to begin on August 2, 2021.

**L.    Contested Case No. W1-11-2805 "In re State Land Department – Paul L. Sale Investment Co."**

This contested case was initiated on June 24, 2019. According to ADWR's records the landowner is ASLD, and the current lessee of the land is SRP. In the Order to Initiate Contested Case, the Special Master directed SRP to file a status report by October 18, 2019 "with respect to its claims for water rights, the status of assignments of the Statement of Claimant, and the ownership of the water right." Order at 4. A status conference was held on November 1, 2019, at which SRP informed the Special Master that it intended to file a new statement of claim under the Water Rights Registration Act and then a new or amended statement of claimant for rights to irrigate 20 acres, plus stockwatering and wildlife uses. The Special Master ordered SRP make the filing under the Water Rights Registration Act by January 30, 2020, and to file

stipulated abstracts or a status report by March 2, 2020. SRP submitted its WRRA filing to ADWR on January 30, 2020 and provided additional information which ADWR requested on February 21, 2020.

SRP and ASLD filed a Joint Status Report on March 2, 2020, informing the court that the place of use and the point of diversion are located on state trust land, and therefore SRP will assign the WRRA filing to ASLD, and ASLD will file a statement of claimant. On July 2, 2020, ASLD and SRP filed a Joint Status Report and Request for Extension of Time to File Stipulated Abstracts, informing the court that ASLD would file its request for assignment and new statement of claimant on July 2, 2020, and requesting additional time until August 31, 2020 to negotiate with the objectors and file a stipulation and abstracts. On July 9, 2020, the Special Master ordered SRP and ASLD to file stipulated abstracts by August 31, 2020. On August 31, 2020, ASLD and SRP filed a joint status report informing the court that no stipulated agreement had yet been reached, requesting summary adjudication of the *de minimis* stockwatering claim at issue, and requesting a status conference be set to address the irrigation claim. A status conference was held on October 2, 2020, at which the Special Master ordered ADWR to file an amended WFR 114-01-CCD-010 by April 9, 2021.

**M.      Contested Case No. W1-11-3107 "In re Paul L. Sale Investment Co."**

This case was initiated on May 6, 2019. An initial scheduling conference was held on June 18, 2019. On October 18, 2019, counsel for SRP filed a status report which explained that there are two parcels of land for which water rights are at issues in this case, and that each of these parcels is part of the San Pedro River Preserve which SRP operates for habitat purposes. SRP explained that it will pursue irrigation claims in this

matter with the intention of having the irrigation rights changed to instream flow rights through the severance and transfer process. SRP will also pursue claims for *de minimis* small reservoir and domestic uses associated with one of the parcels. SRP attached proposed abstracts for these uses to its status report.

A status conference was held on November 1, 2019 at which the Special Master directed SRP to file proposed abstracts for the irrigation uses by January 17, 2020, and ADWR to file a report on the abstracts and maps submitted by SRP for the *de minimis* uses by January 17, 2020. On January 17, 2020, ADWR filed its report on the proposed abstracts and SRP filed its Second Status Report and Request for Extension of Time to File Stipulated Abstracts. On March 17, 2020, SRP filed its Third Status Report and requested the court to set a scheduling conference in this matter. Initial disclosure statements were filed by May 4, 2020, and a telephonic scheduling conference was held on May 12, 2020.

**N.    Contested Case No. W1-11-3320 "In re Geldmacher"**

This case was initiated on June 7, 2019, and an initial status conference was held on July 18, 2019. On September 18, 2019, counsel for the San Carlos Apache Tribe filed a Notice of Filing Historical Documents, attaching four historical documents which may be helpful to the case. On November 1, 2019, claimants filed a notice that instead of filing amendments and assignments, claimants filed a new statement of claim and new statements of claimant that day. Also on November 1, 2019, claimants provided proposed water rights abstracts to the parties. A status conference was held on December 11, 2019, at which time the amount of water claimed as compared to the amount of water use found in the WFR was discussed. Counsel for claimants discussed

separating the land of others from that of the claimant, and counsel for the San Carlos Apache Tribe agreed to file a report about users of water in the area. Counsel for the Tribe filed their report on January 24, 2020, informing the Special Master that all the relevant information of which counsel is aware is already in the record.  Counsel for the Tribe's report also noted that counsel for claimants would be updating the proposed abstracts once they received information from ADWR related to the surface water filing in November, and that counsel for the Tribe is still reviewing whether there is support for the claimed priority date.

By Order dated February 27, 2020, the Special Master directed ADWR to file a report on the status of the statements of claimant filed on November 1, 2019 and scheduled a status conference for May 19, 2020. On March 20, 2020, ADWR filed a report informing the court that the statement of claim and statement of claimant filed were each processed and assigned filing numbers. At the May 19, 2020 status conference, counsel for claimants requested that the case be stayed due to unresolved issues related to priority date and quantification. By order dated May 26, 2020, the Special Master granted a limited stay until the resolution of the St. David Irrigation District case (W1-11-1675), and issued a case management order, with initial disclosure statements due May 17, 2021, and an evidentiary hearing set for March 14, 2022.

**O.    Contested Case No. W1-11-3321 "In re Aravaipa Farm, LLC"**

This contested case was initiated on June 7, 2019, and an initial status conference was held on July 18, 2019. On September 18, 2019, counsel for the San Carlos Apache Tribe filed a Notice of Filing Historical Documents, attaching four historical documents which were filed in W1-11-3320, and which may be helpful to the case. Claimants filed

amended statements of claimant on November 1, 2019. A status conference was held on December 11, 2019, at which the Special Master directed counsel for the claimants to file stipulated abstracts or a status report by January 24, 2020. Counsel for claimants filed their status report on January 23, 2020, informing the Special Master that efforts toward settlement were ongoing. A telephonic status conference was held on May 1, 2020, during which counsel for the claimants moved to stay the case until the quantification issue in the St. David Irrigation District case is resolved. On May 26, 2020, the Special Master filed her Order Granting a Limited Stay and Case Management Order, staying this contested case until after the conclusion of the hearing to determine the method for quantifying appropriative water used for irrigation in *In re St. David Irrigation District* (W1-11-1675). Initial disclosure statements are due May 3, 2021, discovery is to be complete by October 1, 2021, and an evidentiary hearing is set for January 31, 2022.

P.      **Contested Case No. W1-11-3324 "In re Joel William Rubin"**

This contested case was initiated on June 7, 2019, and an initial status conference was held on July 18, 2019. A meeting was held among ADWR, claimants, and objectors on August 20, 2019, and a Meeting Report was filed by ADWR on August 27, 2019. On February 18, 2020, SRP filed a status report indicating that the claimants and objectors participated in a conference call on January 21, 2020 and that proposed abstracts have been circulated among the parties. On February 19, 2020, the Special Master entered an order directing the parties to file stipulated abstracts by March 20, 2020, and suggested corrections to the abstract for *de minimis* domestic use by April 20, 2020. On April 20, 2020, the San Carlos Apache Tribe filed a comment identifying a discrepancy between

the basis of right listed in the abstract and ADWR's findings in the WFR related to the basis of right. A status conference was held May 5, 2020, and a scheduling conference was held on July 13, 2020. Claimants did not appear at these conferences. A supplemental scheduling conference was held on July 24, 2020, at which counsel for the Tribe offered to provide claimants with historical documents to assist in preparing draft abstracts. These documents were provided on July 31, 2020.

At the July 24, 2020 supplemental scheduling conference, the Special Master set a schedule for the case, in the event settlement is not reached. The parties filed their initial disclosure statements by October 5, 2020. Discovery has closed and no dispositive motions have been filed. Trial is set for April 5, 2021.

**Q.** **Contested Case No. W1-11-3394 "In re W. H. Claridge"**

This contested case was initiated on July 3, 2019, and an initial status conference was held on this matter on August 7, 2019. Meetings among the claimant, objectors and ADWR were held on September 18, 2019 and January 8, 2020. ADWR filed meeting reports on September 25, 2019 and January 15, 2020. A third meeting was held on May 12, 2020. Claimant Mr. Larson filed assignment and amendment forms with ADWR prior to the meeting and provided proposed abstracts for the parties' consideration on May 11, 2020. A scheduling conference was held on July 20, 2020, at which the parties discussed the use of water for remediation of environmental contamination caused by previous mining on the land, and the possible need for an amended WFR to address this use. ADWR filed an amended WFR on November 2, 2020.

///

///

### R.     Contested Case No. W1-11-3385 "In re Elizabeth Hilliard"

This contested case was initiated on August 6, 2019, and an initial status conference was held on September 12, 2019. A meeting among the claimants, objectors and ADWR was held on October 2, 2019 and ADWR filed its meeting report on October 8, 2019. A second meeting was set for February 11, 2019, but ADWR cancelled the meeting at the claimants' request, who informed ADWR that there was "some disagreement amongst family members about how to proceed and that they are not ready for a second meeting." Meeting Report at 2. A status conference was held on February 20, 2020, after which the Special Master ordered the claimant to file a status report regarding his efforts to located information regarding the use of water on the property prior to 1919. Minute Entry filed February 26, 2020. Claimant filed his status report on April 21, 2020. In an order filed April 23, 2020, the Special Master ordered claimant to obtain copies of certain documents related to homesteading on the property and to provide those documents to the objectors in this contested case. Order filed April 23, 2020 at 2. On September 30, 2020, BHP Copper filed a status report detailing claimant's efforts to obtain historical documents. A status conference was held on November 13, 2020, in which the Special Master ordered counsel for BHP Copper to file abstracts by January 12, 2021. On January 11, 2021, BHP Copper filed a status report and request for extension of time for filing proposed abstracts. On January 14, 2021, the Special Master granted the request for extension of time, and ordered that proposed abstracts be filed by April 12, 2021.

///

///

**S.**    **Contested Case No. W1-11-3386 "In re Rueben and Delta Bryce"**

This contested case was initiated on August 7, 2019 and an initial status conference was held on September 12, 2019. On September 26, 2019, ADWR filed two maps for use during a meeting among claimants, objectors and ADWR. The meeting was held on October 2, 2019, and ADWR filed its meeting report on October 8, 2019. A second meeting was set for February 11, 2019, but ADWR cancelled the meeting at the claimants' request, who informed ADWR that there was "some disagreement amongst family members about how to proceed and that they are not ready for a second meeting." Meeting Report at 2. A status conference was held May 5, 2020, at which the Special Master ordered the claimants to provide copies of documents regarding the location of their well to ADWR by June 5, 2020. The Special Master also directed ADWR to review these documents, determine whether the well is inside or outside of the subflow zone, and issue a new map for this case by July 6, 2020. The claimants provided documentation, and ADWR filed a new map on July 6, 2020, noting that the well is within the subflow zone. A meeting among the claimants, objectors, and ADWR was held on July 28, 2020, at which claimants agreed to file a statement of claim with ADWR and to circulate proposed abstracts to the objectors by the beginning of September 2020. By order filed August 17, 2020, the Special Mastered ordered that if stipulated abstracts are not filed by October 30, 2020, a telephonic scheduling conference would be held on November 6, 2020. On October 30, 2020, the parties filed a Stipulation, Withdrawal of Objections, and Request that the Special Master Approve Proposed Water Right Abstracts for WFR 115-05-AC-007. The proposed abstracts were approved by order dated November 6, 2020.

**T.**      **Contested Case No. W1-11-3395 "In re Karen C. LeCount"**

This contested case was initiated on July 30, 2019 and an initial status conference was held on September 12, 2019. Meetings among the claimants, objectors and ADWR were held on October 3, 2019 and January 7, 2020. ADWR filed its meeting reports on October 8, 2019 and January 14, 2020. As of the second meeting, the claimants were working to sort out their claims and the related filings. A third meeting was held on May 12, 2020. ADWR's meeting report filed on May 19, 2020 noted that there was confusion about which statements of claim and statements of claimant apply to this case. The meeting report indicated that the claimants would review documentation to sort this out. In June 2020, claimants provided objectors with proposed abstracts and information about the water use on the land. On February 10, 2021, the Special Master filed an order setting a telephonic status conference for March 5, 2021.

**U.**      **Contested Case No. W1-11-3397 "In re Whiting Ranches"**
       **Contested Case No. W1-11-0245 "In re Town of Huachuca City"**

Contested case W1-11-3397, *In re Whiting Ranches*, was initiated on August 7, 2019 and an initial status conference was held on September 12, 2019. The Special Master's order initiating the case on August 7, 2019 attached proposed abstracts, on which ADWR filed comments on August 30, 2019.

On January 10, 2020, claimants filed their Response to the Arizona Department of Water Resources' Comments on Proposed Abstracts and Response to Various Issues Raised in the Court's Minute Entry Filed on September 24, 2019, Including a List of Additional Watershed File Reports and Statements of Claimant. Also on January 10, 2020, claimants filed assignment, amendment, and statement of claimant documents

1  with ADWR for various stockpond and stockwatering claims. On January 13, 2020, an

2  additional amendment to a statement of claimant was filed.

3      A status conference was held on January 15, 2020 at which consolidation with

4  Contested Case No. W1-11-0245, *In re Town of Huachuca City* was discussed. By

5  Minute Entry filed February 20, 2020, the Special Master ordered this case to be

6

7  consolidated with Contested Case No. W1-11-0245.

8      On July 24, 2020, the Special Master approved a proposed water right for

9

10  Klondyke Cemetery Spring. It will be included in a Catalog of Proposed Water Rights.

11      Contested Case W1-11-0245, *In re Town of Huachuca City*, was initiated on June

12  12, 2019 and a status conference was held on July 17, 2019. The Town of Huachuca

13  City filed a status report on October 15, 2019, and a status conference was held on

14

15  January 15, 2020, at which time the case was consolidated with *In re Whiting Ranches*,

16  Contested Case No. W1-11-3397.

17      By order dated April 9, 2020, the Special Master directed the parties to file

18

19  partial initial disclosure statements stating "(1) the parties' respective statements of the

20  issue(s) that should be designated as an Issue of Broad Legal Importance under § 12.00

21  Rules for Proceedings before the Special Master and (2) the legal theories relating to

22  their statements of the issue(s) to be designated" by May 1, 2020. Order at 1. A status

23

24  conference was held on May 28, 2020. On June 18, 2020, the Special Master filed a

25  Notice of Designation of Issues of Broad Legal Importance, designating the following

26  issues of board legal importance:

27

28      1. Is the process set out in the 1919 Arizona Surface Water Code and
        subsequent versions of that statute the exclusive method for a well
        owner who has filed a statement of claimant under A.R.S §45-254to
        obtain an appropriative water right in Arizona for water pumped from

41

a well located in the subflow zone with a priority date after June 12, 1919?

2. Does the adjudication court have equitable powers to decree an equitable water right for a claimant who began withdrawing water from a well located in the subflow zone after June 12, 1919, but did not comply with the 1919 Arizona Surface Water Code and subsequent versions of that statute?

Notice at 4. On June 25, 2020, SRP filed a Motion for Clarification with regard to the Notice of Designation of Issues of Broad Legal Importance. Oral argument was held on the motion on July 22, 2020. Responses addressing the merits of the designated issues were filed by January 11, 2021 and replies were filed by February 12, 2021. Oral argument on the issues of broad legal importance was held on February 26, 2021.

On January 22, 2021, SRP filed a Motion to Vacate Tentative Trial Date, requesting that the court decide the issues of broad legal importance prior to deciding how and whether to proceed with trial. A telephonic conference was held on February 1, 2021 to address SRP's motion. The trial date remains tentatively set for April 26, 2021.

V.     **Contested Case No. W1-11-2803 "In re R.L.D. Irrevocable Trust"**

This contested case was initiated on October 18, 2019. A status conference was held on November 13, 2019. A Status Report was filed by the claimant, Peoples Properties LLC, on February 5, 2020. On April 30, 2020, claimants filed a Status Report and Motion to Stay, requesting that the case be stayed until the quantification issue is resolved in the St. David Irrigation District case, W1-11-1675. On May 26, 2020, the Special Master filed an Order Granting a Limited Stay and Case Management Order, staying the case until completion of the hearing set in the St. David Irrigation District case to determine the methodology for quantifying appropriative water for irrigation, and setting a schedule for the case, including ordering the parties to file initial

disclosure statements by April 23, 2021 and setting a hearing for November 1, 2021.

**W.** **Contested Case No. W1-11-3374 "In re Kaibab Industries – Stock"**

This contested case was initiated on October 28, 2019 and a status conference was held on January 15, 2020. At the status conference, claimant Ms. Magoffin indicated she had filed an additional statement of claimant with ADWR. The court will not take any further action in this matter until that statement of claimant is made available as part of ADWR's public records. On April 20, 2020, the Special Master ordered the claimant to file by June 22, 2020 an amendment to statement of claimant which identifies the purpose and specific place of use of water. The Special Master also ordered ADWR to file by June 22, 2020 a report identifying the location of the stock pond in the WFR and analyzing its size and volume. ADWR filed its report on June 22, 2020. On August 13, 2020, the Special Master filed an Order Setting Date for Suggested Corrections of Proposed Water Right, attaching an abstract for proposed water right, and ordering proposed corrections to the abstract to be filed by October 15, 2020. No suggested corrections were filed. The Special Master approved the abstract by order dated January 11, 2021.

**X.** **Contested Case No. W1-11-3207 "In re John and Mary Lou Smith"**

This contested case was initiated on October 30, 2019. On December 12, 2019, the Special Master consolidated Contested Cases W1-11-3208 (*In re ASARCO - Arizona Game and Fish Commission*) and W1-11-3209 (*In re ASLD – Smith*) under this case. A status conference was held on December 12, 2019. Arizona Game and Fish Commission has filed three status reports and requests for extension of time to file stipulated abstracts. By order dated July 20, 2020, the Special Master directed the Arizona Game

and Fish Commission to file stipulated abstracts by September 20, 2020. The Arizona Game and Fish Commission filed a status report on September 18, 2020 and filed a Stipulation, Withdrawal of Objections, and Request to Approve Abstracts on October 15, 2021. On October 20, 2020, the Special Master entered an Order on Stipulation, Withdrawal of Objections, and Request to Approve Abstracts, approving the abstracts and including them in the Catalog of Proposed Water Rights.

**Y.**   **Contested Case No. W1-11-3114 "In re Robert J. and Nancy J. Farrier"**

This contested case was initiated on November 20, 2019 and a status conference was held on February 4, 2020. Claimant was ordered to file an amended statement of claimant by March 9, 2020, but did not. A telephonic scheduling conference was held on May 14, 2020, at which claimant did not appear. On June 1, 2020, the Special Master filed an Order to Show Cause directing claimants to appear and provide reasons their statement of claimant should not be dismissed. A hearing was held on July 13, 2020 at which the claimant did appear. The Special Master ordered the claimant to provide the court with an amended statement of claimant within 30 days. On September 5, 2020, Claimant filed amended Statement of Claimant.

A status conference was held on January 22, 2021, at which the Special Master ordered that the contested case will be stayed pending a ruling on the two designated issues of broad legal importance in the Town of Huachuca City contested case. The Special Master further ordered that, "[a]fter the stay is lifted, an Order to Show Cause will issue with a time set for a telephonic hearing. . . . If Mr. or Mrs. Farrier do not appear at the Order to Show Cause hearing, the claims for water rights in this case will be dismissed." Minute Entry filed January 27, 2021.

**Z.**     **Contested Case No. W1-11-3239 "In re Manuela Franco"**

This contested case was initiated on December 16, 2019. A status conference was held on February 4, 2020. A meeting among claimants, objectors and ADWR was held on June 9, 2020. Claimants prepared and distributed a draft abstract on July 15, 2020, and a status conference was held on August 28, 2020. ADWR facilitated a meeting among the claimants and objectors on September 28, 2020, at which the parties discussed a settlement proposal brought forward by SRP. The Tribe's attorneys filed a report with the court on October 30, 2020, detailing the parties' settlement efforts. A status conference was held on January 22, 2021, at which ADWR was ordered to prepare a map of the land at issue by March 12, 2021. In a minute entry filed January 29, 2021, the Special Master set out the steps to be taken in reaching a settlement in this case, namely:

1.   An assignment of Statement of Claimant 39-12960 must be signed and filed with ADWR.

2.   A map of the irrigated land must be prepared including GPS coordinates of the corners of the irrigated land.

3.   The completed map must be provided to the parties.

4.   A stipulation must be signed by the parties and filed with the court.

The Special Master went on to order that "[i]f a Proposed Form of Stipulation along with abstracts and a map is not filed by May 3, 2021, then it will be assumed that the parties could not or did not want to settle the objections to proposed water rights." Minute Entry filed January 29, 2021 at 3. If a settlement is not reached, disclosure statements will be due on July 16, 2021, discovery will close December 6, 2021, and

trial will be set for February 21, 2022. *Id.*

**AA.**   **Contested Case No. W1-11-3246 "In re Clarence R. Miller"**

This case was initiated on December 19, 2019 and a status conference was held on February 4, 2020. Claimants filed a status report on December 17, 2020 detailing Claimants' efforts toward achieving a stipulation in this contested case. By order filed December 23, 2020, the Special Master directed that if "Claimants are able to resolve the remaining issues, they shall file stipulated abstracts by March 12, 2021. In the absence of timely filed stipulated abstracts, a telephonic scheduling conference shall be held on March 22, 2021 at 1:30 p.m." Order Granting Extension of Time to File Stipulated Abstracts at 2.

**BB.**   **Contested Case No. W1-11-2394 "In re Magma Copper Company"**

This case was initiated on December 20, 2019 and a status conference was held on February 4, 2020. On May 29, 2020, Swift Current Land & Cattle, LLC and Resolution Copper Mining LLC ("Resolution Copper") filed a Status Report and Request for Stay, requesting that, as the new owner of the property at issue, Resolution Copper be substituted for Swift Current Land & Cattle LLC as the claimant in this case. The Status Report and Request for Stay also informed the court that this case includes an artesian well, and requested a stay "at least until such time as it is determined that flowing wells discharging water from 'chemically closed systems' should be included in the adjudication process." Status Report and Request for Stay at 5. The Special Master denied the request for stay on August 31, 2020. On September 30, 2020 Resolution Copper filed a status report which included a proposed schedule for resolving this contested case. A status conference was held on October 2, 2020, during which the

Special Master ordered "that by December 30, 2020, Resolution Copper Mining, LLC shall file a comprehensive report outlining its claims with attached draft statements of claimant." Minute Entry filed October 12, 2020 at 2. On December 30, 2020, Resolution Copper filed its report, stating that it would pursue statements of claimant 39-003163, 39-005227, and 39-005234 in this contested case. Status Report at 1-2. Resolution Copper also stated that it "claims the right to use Monitoring Wells 7BWPZ (No. 55-225453), 7BOW (No. 55-225451), and 7BEPZ (No. 55-225453), but because there is no consumptive use of water, these wells should not be subject to the contested case." *Id.* at 2. Resolution Copper also requested time to file expert reports on "the maximum flow rate and the annual volume of water use to be added to the draft amendment to Statement of Claimant No. 39-003163" and "showing the water flowing from the Well No. 55-624632, is not surface water or subflow of the San Pedro River." *Id.* at 6. A status conference was held January 15, 2021.

CC.   **Contested Case No. W1-11-3406 "In re ASLD – Carl C. Anderson Sr."**

This contested case was initiated on January 9, 2020. On April 17, 2020, ASLD and Bar Seven Cattle Company, LLC filed a Joint Report Regarding Ownership of the Potential Water Rights regarding ownership issues, concluding that potential water rights 115-06-004-SW001 and 115-06-004-SP00l are owned by the State of Arizona. On June 19, 2020 ASLD filed a Status Report informing the court that Bar Seven Cattle Company, LLC's grazing lease had been renewed. On September 8, 2020, ASLD gave notice that it submitted proposed abstracts for two *de minimis* water rights to ADWR. On October 21, 2020 ADWR filed its report on these abstracts. On November 12, 2020, the Special Master entered an order directing that any suggested corrections to the

proposed abstracts be filed by January 11, 2021. On January 21, 2021, the Special

Master entered a Corrected Order Approving Proposed Water Right Abstracts,

approving the two abstracts and including them in a Partial Catalog of Water Rights.

**DD.** **Contested Case No. W1-11-3429 "In re ASLD – Anderson Development"**

This contested case was initiated on January 7, 2020. On February 10, 2020,

ASLD filed a Land Ownership Report. On April 17, 2020, ASLD, Bar Seven Cattle

Company, LLC, and Bonita Cattle LLC filed a Joint Report Regarding Ownership of

the Potential Water Rights regarding ownership issues, concluding that the State of

Arizona owns the potential water rights for stockwatering except potential water rights

SW001, SW002, SW004, and SW023 (which are owned by the lessee) and owns the

potential water rights for stock ponds except for SP001 (which is owned by the lessee).

On June 19, 2020 ASLD filed a Status Report informing the court that Bar Seven Cattle

Company, LLC's grazing lease had been renewed. On September 8, 2020, ASLD gave

notice that it submitted proposed abstracts for *de minimis* water rights to ADWR. On

November 9, 2020 ADWR filed its report on these abstracts. On December 17, 2020,

the Special Master entered an order directing that any suggested corrections to the

proposed abstracts be filed by February 19, 2021. ASLD, SRP and the Tribe each filed

suggested corrections on February 19, 2021. The Special Master has not yet acted on

these suggestions.

**EE.  Contested Case No. W1-11-2401 "In re Mercer Group of Cases"**

This contested case was once consolidated with *In re Sands*, W1-11-19, a

contested case which is currently stayed. By order dated May 11, 2020 the Special

Master vacated the stay with respect to this consolidated case. On July 6, 2020, ADWR

48

filed a report commenting on draft proposed abstracts for this case. A status conference was held on July 13, 2020. ASLD and its lessees, Sombrero Butte Cattle, LLC and Mercer Ranch Holdings, LLC, filed a Joint Report Regarding Ownership of Potential Water Rights on August 3, 2020. On August 31, 2020 ADWR filed a supplemental report regarding points of diversion and places of use for the stockwatering uses in the draft proposed abstracts. On December 18, 2020, the Mercer claimants filed a Notice of Filing Statements of Claimant and Status Report on WFR 113-05-005-DM001.

On November 16, 18, and 20, 2020, the Special Master entered orders attaching proposed *de minimis* water rights abstracts and setting dates by which any suggested corrections to the proposed abstracts are to be filed. ASLD, Mercer Claimants, and the Tribe each filed suggested corrections to various proposed abstracts. On February 18, 19, and 22, 2021, the Special Master entered orders approving certain proposed abstracts and including them in a Catalog of Proposed Water Rights.

On February 23, 2021, the Special Master filed an Order for ADWR Report Regarding Mapping of De Minimis Water Uses, stating that "[p]roposed corrections were received from the parties for draft abstracts that raise issues related to the maps prepared by Arizona Department of Water Resources of either the points of diversion or places of use." Order at 2. The Special Master directed ADWR to review the information provided in the August 2020 joint report and file a report and any necessary maps to respond to the Mercer claimants' positions explained in the suggested corrections by March 26, 2021.

///

///

**FF.   Contested Case No. W1-11-3325 "In re SLD – Magoffin I"**
      **Contested Case No. W1-11-3338 "In re SLD – Magoffin II"**
      **Contested Case No. W1-11-3407 "In re SLD – Magoffin III"**

These contested cases were initiated on March 11 and 12, 2020. ADWR reviewed draft proposed abstracts attached to the case initiation orders and filed reports on the abstracts on June 5, 2020. On July 2, 2020, ASLD and lessees filed a joint report in each case regarding ownership of the proposed water rights. By orders dated July 24, 2020, the Special Master directed ADWR to file maps for potential water rights in the cases by August 28, 2020. ADWR filed the maps in each of these cases on August 28, 2020.

      1.   Contested Case No. W1-11-3325 "In re SLD – Magoffin I"

On September 18, 2020, the Special Master issued proposed abstracts for stockwatering and stockponds in Contested Case No. W1-11-3325 and directed the parties to file any suggested corrections by November 20, 2020. The Special Master issued corrected abstracts on December 3, 2020 and set a new deadline of February 3, 2021 for suggested corrections. On December 10, 2020, ASLD and its lessee filed an Amended Joint Report Regarding Ownership of the Potential Water Rights.

      2.   Contested Case No. W1-11-3338 "In re SLD – Magoffin II"

On September 16, 2020, the Special Master issued proposed abstracts for stockwatering and stockponds in Contested Case No. W1-11-3338 and directed the parties to file any suggested corrections by November 16, 2020. The Tribe filed its Suggested Correction to Draft Abstract for WFR 115-05-015-SW004 on November 16, 2020. After receiving extensions of time in which to file, SRP and ASLD each filed suggested corrections to the proposed abstracts on December 16, 2020. On December

23, 2020, the Special Master issued an Order Approving Proposed Water Right

Abstracts, approving 10 abstracts for *de minimis* rights and including these abstracts in a

Catalog of Water Rights.

   3.   Contested Case No. W1-11-3407 "In re SLD – Magoffin III"

On September 18, 2020, the Special Master issued proposed abstracts for

stockwatering and stockponds in Contested Case No. W1-11-3407 and directed the

parties to file any suggested corrections by November 20, 2020. After receiving

extensions of time in which to file, SRP filed suggested corrections to the proposed

abstracts on December 18, 2020, and ASLD filed suggested corrections on December

21, 2020. On January 11, 2021, the Special Master issued an Order Approving Proposed

Water Right Abstracts, approving 14 abstracts for *de minimis* stockwatering and

stockpond rights and including these abstracts in a Partial Catalog of Water Rights.

**GG.   Contested Case No. W1-11-2697 "In re Hope Iselin Jones"**

This case was initiated on June 4, 2020 and a status conference was held on

August 10, 2020. By Minute Entry filed August 17, 2020 the Special Master ordered the

claimant to file stipulated abstracts or a status report by January 15, 2021.

On January 5, 2021, the claimant filed a Status Report informing the court that

the claimant anticipated either filing amendments to existing claims or new claims, and

requesting the contested case be continued until historical documents supporting the

claims could be received from the National Archives. On January 21, 2021, the Special

Master filed an Order to File Stipulated Abstracts or Status Report, granting a

continuance until July 23, 2021, and requiring the claimant to file a status report or

stipulated abstracts by that date. Order at 2.

**HH.      Contested Case No. W1-11-2713 "In re Hope Iselin Jones IV"**

This case was initiated on June 8, 2020 and a status conference was held on August 10, 2020. By Minute Entry filed August 17, 2020 the Special Master ordered the claimant to file stipulated abstracts or a status report by January 15, 2021. On January 15, 2021, claimant filed a Status Report and Request to Assign PWR 113-12-DBC-023-SW001, disclaiming certain claims which claimant believes were included in the WFR in error and requesting ADWR assign a potential water right number for a stockwatering use not given a number in the WFR. On February 1, 2021, the Tribe filed its response to the claimant's request for the assignment of a potential water right for stockwatering, arguing that summary procedures would be inappropriate in this case, due to the WFR's statement that no stockwatering use was found on the land at issue.

**II.      Contested Case No. W1-11-2662 "In re Hope Iselin Jones II"**

This case was initiated on June 5, 2020, and on August 3, 2020 ADWR filed a report regarding the draft proposed abstracts for the case. A status conference was held on August 10, 2020. By order dated August 12, 2020 the Special Master issued proposed abstracts for stockpond and stockwatering uses in Contested Case W1-11-2662 and ordered that suggested corrections to the proposed abstracts be filed by October 15, 2020. SRP filed suggested corrections, and the Special Master issued an Order Approving Proposed Water Right Abstracts on October 20, 2020, approving five water right abstracts and including them in a Catalog of Water Rights.

**JJ.      Contested Case No. W1-11-2686 "In re Hope I. Jones III"**

This case was initiated on June 5, 2020, and on August 3, 2020 ADWR filed a report regarding the draft proposed abstracts for the case. A status conference was held

1    on August 10, 2020. By order dated August 12, 2020 the Special Master issued

2    proposed abstracts for stockpond and stockwatering uses in Contested Case W1-11-

3    2686 and ordered that suggested corrections to the proposed abstracts be filed by

4

5    October 15, 2020. On October 15, 2020, SRP filed suggested corrections to the

6    proposed abstract. On January 11, 2021, the Special Master filed an Order Approving

7    Proposed Water Right Abstract, approving the one abstract and including it in a Partial

8    Catalog of Water Rights.

9

10    **KK.**    **Contested Case No. W1-11-2666 "In re ASLD – Estate of Hope Iselin Jones"**

11

12        This case was initiated on June 5, 2020, and on August 3, 2020 ADWR filed a

13    report regarding the draft proposed abstracts for the case. A status conference was held

14    on August 10, 2020. By minute entry dated August 17, 2020, the Special Master ordered

15    ASLD and its lessee, C-Spear LLC, to file a joint report regarding ownership of

16    potential water rights by September 18, 2020. ASLD and C-Spear LLC filed their joint

17

18    report on September 18, 2020. By Order filed September 30, 2020, the Special Master

19    issued proposed abstracts for proposed water rights for stockponds and stockwatering

20    uses and set a deadline of November 30, 2020 for suggested corrections. After receiving

21

22    an extension of time, ASLD, SRP, C-Spear LLC, and the Tribe each filed suggested

23    corrections on January 14, 2021. On January 19, 2021, the Special Master issued an

24    Order Approving Proposed Water Right Abstracts and issued a corrected order on

25    January 21, 2021, approving nine abstracts for *de minimis* stockponds and

26    stockwatering uses, and including the abstracts in a Partial Catalog of Water Rights.

27

28

**LL.** **Contested Case No. W1-11-2590 "In re ASLD – Bingham Sacaton Ranch I"**

This contested case was initiated on May 5, 2020. On July 6, 2020 ADWR filed a report on draft abstracts and maps for the potential water rights. A status conference was held on July 13, 2020. On August 31, 2020, the Special Master filed an Order Setting Date for Suggested Corrections of Proposed Water Rights and Order Setting Date for Filing Statement of Claimant, issuing proposed abstracts for stockpond and stockwatering purposes, setting a deadline of October 30, 2020 for suggested corrections to the abstracts, and requiring the claimant to file a statement of claimant by September 30, 2020. On September 18, 2020, ASLD, on behalf of its lessee, Jim Bingham, filed a notice that Mr. Bingham intended to withdraw his claim related to Proposed Water Right No. 113-09-019-SW001, and would therefore not be filing a statement of claimant.

On October 30, 2020, ASLD and SRP filed suggested corrections to the abstracts issued on August 31, 2020. On November 10, 2020, the Special Master filed an Order Requesting Maps, directing ADWR to "prepare and file maps showing the places of use and points of diversion for each of the 24 proposed water rights consistent with the attached abstracts by January 11, 2021." Order Requesting Maps at 2. ADWR filed the requested maps on January 11, 2021. On January 22, 2021, the Special Master entered an Order Approving Proposed Water Right Abstracts, approving 24 abstracts and including them in a Catalog of Proposed Water Rights.

**MM.** **Contested Case No. W1-11-2603 "In re ASLD – Bingham Sacaton Ranch II"**

This contested case was initiated on May 4, 2020. A status conference was held

54

1   on July 13, 2020. On January 13, 2021, the Special Master filed an order issuing a

2   proposed abstract for a *de minimis* domestic water use, set a deadline of March 15, 2021

3   for suggested corrections to the abstract, attached a form to be used for the assignment

4   of one of the claims at issue, and set a status conference for February 12, 2021. On

5   

6   January 27, 2021, ASLD filed notice that it intended to withdraw Statement of Claimant

7   No. 39-7163 and would not pursue the related potential water rights. ASLD confirmed

8   that it would continue to pursue the domestic use claim.

9   

10      At the February 12, 2021 Status Conference, the court ordered ASLD to file an

11  assignment of Statement of Claim 36-27331 and dismissed all potential water rights

12  identified in WFR 113-09-CB-008, other than the potential water right for domestic use.

13      **NN.   Contested Case No. W1-11-3367 "In re Magoffin II"**

14

15      This contested case was initiated on March 16, 2020. On May 18, 2020 ADWR

16  filed a map of the subject area. On February 8, 2021, the Special Master entered an

17  order denying a motion to consolidate a certain claim in this case with *In re Whiting*

18  *Ranches*, W1-11-3397. Order at 4. In the same order, the Special Master set a status

19  
20  conference for March 5, 2021. *Id.*

21      **OO.   Contested Case No. W1-11-2712 "In re Carey R. Smith et al."**

22      This contested case was initiated on June 8, 2020 and a telephonic status

23  conference was held on August 10, 2020. On September 21, 2020, the Special Master

24  
25  filed her Order to File a Map and Report, directing ADWR to file map by October 9,

26  2020 which compares the boundaries of the watershed file report at issue in this case

27  and the land described in three deeds at issue. The Special Master also ordered ADWR

28  to file a report by October 9, 2020 with recommendations regarding the classification of

the potential water right identified in WFR 113-12-DBC-022, and what proposed water right number should be used in a water right abstract for irrigation use on land within the WFR at issue in the case. ADWR filed its report and maps on October 9, 2020. On October 16, 2020, the Special Master entered an order dismissing this contested case, finding that "there are no claimed water uses or potential water rights within the boundaries of Watershed File Report 113-12-DBC-022." Order Dismissing Case at 2.

**PP.    Contested Case No. W1-11-2710 "In re El Potrero"**

This contested case was initiated on June 1, 2020. Status conferences have been held on August 10, 2020 and November 6, 2020. On December 7, 2020, ADWR filed a map showing the boundaries of the WFR at issue in this case in relation to water uses by two water users. On January 26, 2021, Claimant Sweetwater Center filed a Status Report. By Order dated February 22, 2021, the Special Master ordered Claimant to file stipulated abstracts by August 13, 2021. Order Setting Telephonic Status Conference at 2. If a stipulation is not reached, a status conference will be held on August 18, 2021. *Id.*

**QQ.    Contested Case No. W1-11-2789 "In re H. Clifford and Carolyn Dobson"**

This contested case was initiated on May 18, 2020. On July 13, 2020, the Nature Conservancy submitted to the court background information on the land at issue and a map. A status conference was held on July 20, 2020. On November 16, 2020, the Arizona Chapter of the Nature Conservancy filed a status report detailing the Nature Conservancy's efforts in this matter and requesting "an additional 120 days to complete its work with ADWR and to produce abstracts to which objectors may provide their comments." The Arizona Chapter of the Nature Conservancy's Status Report at 3. On November 17, 2020, Claimants Hall, Jarvi, and H.C. Dobson Jr. Ranch Property, LLC

56

1   filed a status report and requested that the case be continued until claimants able to

2   receive historical documents from the National Archives.

3           On December 18, 2020, H.C. Dobson Jr. Ranch Property, LLC filed a Motion to

4   Assign Stockwatering PWRs and File Proposed Abstracts, asking the court to assign

5   potential water right numbers for stockwatering uses which were not assigned potential

6   

7   water right numbers in the WFR. A status conference is set for March 11, 2021.

8           **RR.    Contested Case No. W1-11-2619 "In re George and Nancy Muller"**

9           This case was initiated on July 27, 2020. A meeting among the claimants,

10

11  objectors, and ADWR took place on November 6, 2020. Status conferences have been

12  held on September 25, 2020 and February 12, 2021. On February 12, 2021, the Special

13  Master issued an order consolidating Contested Case No. W1-11-2618, *In re Robert F.*

14  *and Patsy Ruth Muller*, with this contested case.

15

16          At the February 2021 status conference, the court ordered counsel for SRP to

17  review an abstract prepared by the claimant, make proposed changes, distribute the

18  abstract among the parties, and, if the parties agree, file the abstract by April 5, 2021.

19

20          **SS.    Contested Case No. W1-11-2620 "In re Robert Floyd and Jerry Hammond"**

21

22          This case was initiated on July 27, 2020 and a status conference was held on

23  September 25, 2020. Claimants failed to appear at the status conference, and also failed

24  to appear at an Order to Show Cause Hearing held on October 9, 2020. Due to the

25  failure of the claimants to participate, the Special Master ordered that "Statements of

26  

27  Claimant 39-12296, 39-12297, and 39-12298 are dismissed. No further action will be

28  taken with respect to Watershed File Report 113-09-CC-038." Minute Entry filed

    October 15, 2020 at 2.

**TT.** **Contested Case No. W1-11-2708 "In re Norman G. and Barbary Y. Crawford"**

This case was initiated on July 10, 2020. On September 3, 2020, ADWR filed a report and maps regarding the location of the well at issue in this case. A status conference was held on September 10, 2020, at which the Special Master ordered the claimant to file stipulated abstracts or a status report by November 13, 2020. By order dated October 28, 2020, the Special Master extended this deadline to March 12, 2021.

**UU.** **Contested Case No. W1-11-2709 "In re Jack K. Hughes et al."**

This contested case was initiated on July 13, 2020, and a status conference was held on September 10, 2020. Due to the U.S. Bureau of Land Management's failure to appear at the initial status conference, the Special Master entered an Order to Show Cause on September 16, 2020. Counsel for the Bureau of Land Management appeared at an Order to Show Cause Hearing on October 9, 2020. On November 9, 2020, the United States and ADWR filed a joint report regarding the United States' instream flow application at issue in this case. By order dated November 20, 2020, the Special Master directed ADWR to provide a report giving information about the well listed in Statement of Claimant 39-18138 by January 29, 2021, and directed the Bureau of Land Management to file a status report by May 28, 2021. Order to File Reports at 3. ADWR filed its report on January 21, 2021. By Order dated March 1, 2020, the Special Master ordered that no further action will be taken in this contested case with regard to Statement of Claimant 39-18138.

**VV.** **Contested Case No. W1-11-2726 "In re David and Fay Gard"**

This contested case was initiated on July 13, 2020, and a status conference was held on September 10, 2020. At the status conference, the Special Master directed

58

Claimants the Quisenberrys to file a Statement of Claimant by October 12, 2020. The Statement of Claimant was filed on October 18, 2020. A status conference was held on January 22, 2021, and another status conference is set for July 23, 2021.

**WW.  Contested Case No. W1-11-2731 "In re Albert S. Duff"**

This contested case was initiated on July 27, 2020. An initial status conference was held on September 25, 2020, at which the claimant failed to appear. An Order to Show Cause was issued on September 29, 2020, and an Order to Show Cause Hearing was held on October 9, 2020. The Claimant appeared at the Order to Show Cause Hearing. The Special Master stated that she would schedule another hearing after the Claimant files a statement of claimant. Minute Entry filed October 28, 2020 at 2.

**XX.   Contested Case No. W1-11-2784 "In re Hughey T. and Leah M. Stringer"**

This contested case was initiated on July 15, 2020. An initial status conference was held on September 10, 2020, at which the Special Master ordered Claimant Sleeping Frog Farms, LLC to file stipulated abstracts or a status report by January 29, 2021. On January 26, 2021, Sleeping Frog Farms, LLC filed its status report, informing the court that it intends to file amended or new claims in this case. In addition, Claimant requested the court continue to the contested case until receives historical documents from the National Archives. By order filed February 8, 2021, the Special Master ordered Claimant to file stipulated abstracts or a status report by June 28, 2021.

**YY.   Contested Case No. W1-11-2783 "In re Reesor G. Woodling"**

This contested case was initiated on August 10, 2020. A status conference was held on October 23, 2020. At the status conference, the Special Master ordered Claimant Rogers Heaven Sent Ranch to file stipulated abstracts or a status report by

March 23, 2021. Minute Entry filed October 30, 2020 at 2.

**ZZ.   Contested Case No. W1-11-2787 "In re ASLD – Woodling"**

This contested case was initiated on August 10, 2020. A status conference was held on October 23, 2020. At the Status Conference, the Special Master ordered ASLD to file stipulated abstracts or a status report by April 5, 2021. Minute Entry filed November 2, 2020 at 2.

**AAA.   Contested Case No. W1-11-2413 "In re Arizona Water Company San Manuel System"**

This contested case was initiated on November 19, 2020 to adjudicate claims for municipal water use by the Arizona Water Company San Manuel System. An initial status conference was held on December 18, 2020. Another status conference is set for May 7, 2021.

**BBB.   Contested Case No. W1-11-2670 "In re ASLD – Saguaro Juniper Corporation"**

On November 23, 2020, the Special Master filed her Order to Initiate Contested Case W1-11-2670. The Order attached proposed abstracts for stockponds and stockwatering uses for ADWR's review. On January 21, 2021, ADWR filed its report on the draft abstracts and maps of the locations of potential water rights. The Special Master ordered that the "Arizona State Land Department and the lessees shall file a joint report by March 26, 2021 regarding the ownership of the claimed water rights and comments on the report filed by the Arizona Department of Water Resources." Order to Initiate Contested Case at 4.

**CCC.   Contested Case No. W1-11-2760 "In re ASLD Woodling II"**

On November 3, 2020, the Special Master entered an order initiating Contested

1   Case W1-11-2670. The Order attached proposed abstracts for stockponds and

2   stockwatering uses for ADWR's review. On January 8, 2021, ADWR filed its report on

3   the draft abstracts and maps of the locations of potential water rights. An initial status

4   conference is set for March 5, 2021.

5

6   **DDD.  Contested Case No. W1-11-2788 "In re Ernest S. and Martha**
        **Phillips"**

7

8       On September 11, 2020, the Special Master filed her Order Initiating Contested

9   Case W1-11-2788. The Special Master ordered that Claimant "Sleeping Frog Farms,

10  LLC shall file a stipulated abstract for a water right for domestic use or, if the parties

11  cannot reach an agreement. Sleeping Frog Farms, LLC shall file a status report by

12  January 29, 2021." Order Initiating Contested Case at 2. Claimant filed its Status Report

13

14  on January 26, 2021, informing the court that it intends to amend existing claims or file

15  new claims. Claimant also requested that the case be stayed until Claimant can receive

16  historical documents from the National Archives. By order filed February 8, 2021, the

17

18  Special Master ordered "that Sleeping Frog Farms, LLC shall file stipulated abstracts or,

19  if the parties cannot reach an agreement, Sleeping Frog Farms, LLC shall file a status

20  report by June 28, 2021." Order at 2.

21

22      RESPECTFULLY SUBMITTED this 1st day of March, 2021.

23
                                    By: /s/ Joe P. Sparks
24                                  The Sparks Law Firm, P.C.
                                    Joe P. Sparks (SBA #002383)
25                                  7503 First Street
                                    Scottsdale, AZ 85251
26                                  (480) 949-1339
                                    joesparks@sparkslawaz.com
27                                  *Counsel for the San Carlos Apache Tribe*

28

1

**CERTIFICATE OF SERVICE**

2

3      I hereby certify that on this 1st day of March, 2021, I electronically transmitted
the foregoing document to the Clerk's Office using the ECF System for filing and

4   transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record in this
matter.

5

6      I further certify that on the 2nd day of March, 2021, I will mail a copy of the
foregoing to:

7

8   The Honorable Douglas L. Rayes
United States District Court

9   Sandra Day O'Connor U.S. Courthouse, Suite 526
401 West Washington Street, SPC 79

10   Phoenix, Arizona 85003

11

By:  /s/ Joe P. Sparks

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28